NO. 07-06-0101-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 19, 2006

_____

MARCUS ROBERT ROGERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 50,389-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following the trial court's order revoking community supervision which had been previously granted for driving while intoxicated with a child under 15 years of age, appellant Marcus Robert Rogers filed a *pro se* notice of appeal. We dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss an appeal that is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentence was pronounced on February 10, 2006, and on March 22, 2006, he filed a notice of appeal. No post-conviction motion was filed; thus, the deadline for filing a timely notice was March 13, 2006,[1] or 15 days thereafter if accompanied by a motion for extension of time. By letter dated March 29, 2006, appellant was notified of the untimely notice and directed to explain within ten days why the appeal should not be dismissed for want of jurisdiction. Appellant did not respond.

The motion for extension of time in which to file the clerk's record is rendered moot, and the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.

---

[1] The 30th day fell on Sunday, March 12, but was extended to Monday, March 13 per Rule 4.1(a) of the Texas Rules of Appellate Procedure.